The TRAVELERS INDEMNITY CO., Plaintiff,

v.

S/S SIKORSKI, her engines, boilers, tackle, etc., Polish Ocean Lines (Polskie Linie Oceaniczne) French–Polish Shipping Co. (Francusko–Polskie Towarzstwo Zegulgowe), Defendants.

No. 87 Civ. 3778(KTD).

United States District Court, S.D. New York.

June 26, 1989.

Harold M. Kingsley, New York City, for plaintiff; Randal D. Pratt, of counsel.

Freehill, Hogan & Mahar, New York City, for defendants; Peter J. Gutowski, of counsel.

## MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge:

Defendants Polish Ocean Lines (Polskie Linie Oceaniczne) and French–Polish Shipping Co. (Francusko–Polski Towarzstwo Zegulgowe) (collectively the "Carriers") move for summary judgment under Fed.R. Civ.P. 56 or, in the alternative, to dismiss the complaint under Fed.R.Civ.P. 37. They also move for sanctions under Fed.R.Civ.P. 11 and 37. For the following reasons, the motion for summary judgment is granted, and the motions to dismiss under Rule 37 and for sanctions are denied.

## FACTS

In June and July of 1986, cheese was carried on board the S.S. Sikorski from Le Havre, France, to the Port of New York. The cheese was carried in "house-to-house" containers that were stuffed and sealed by the shipper or its agent prior to the time the Carriers received it. *See* Defendants' Notice of Motion for Summary Judgment, Bill of Lading, Exh. 1, Danzas Freight Invoice, Exh. 2. Plaintiff Travelers Indemnity Company ("Travelers"), legal representative of the purchasers of the cheese, claims that the cheese deteriorated during that carriage as a result of the negligence of the Carriers.

The Carriers served discovery upon Travelers regarding the issue of whether the cheese was in actual good order and condi-

tion when it was surrendered to the Carriers. Travelers did not respond and the Carriers filed a motion to compel discovery on August 1, 1988. I then referred that matter to Magistrate Roberts. On August 23, Travelers moved before me for summary judgment even though the discovery issue was then unresolved. Magistrate Roberts' Order of September 13 directed Travelers to produce documents attesting to the condition of the cheese at the time of loading. *See* Defendants' Notice of Motion for Summary Judgment, Magistrate's Discovery Order, Exh. 5. Pursuant to the same Order, Travelers was directed to produce a witness with knowledge of the condition of the cheese if its motion for summary judgment was denied. On September 14, 1988, I denied the original motion for summary judgment without prejudice on the grounds that Travelers offered no proof of the pre-voyage condition of the cheese allegedly damaged by the Carriers' negligence.

Travelers twice requested and received an extension of the deadlines regarding production of the required documentation and witness. On November 17, 1988, Travelers advised me that it was unable to provide any further information regarding the condition of the cheese at loading. *See* Defendants' Notice of Motion for Summary Judgment, Kingsley Affirmation, Exh. 10.

## DISCUSSION

Under the Carriage of Goods by Sea Act (COGSA), 46 U.S.C.App. §§ 1300–15 (1982 & Supp. V 1987), the "plaintiff has the burden, which remains with it throughout the case, of proving that 'the goods were damaged while in the carrier's custody.'" *Caemint Food, Inc. v. Brasileiro*, 647 F.2d 347, 351 (2d Cir.1981) (quoting *Pan-American Hide Co. v. Nippon Yusen (Kabushiki) Kaisha*, 13 F.2d 871 (S.D.N.Y.1921) (L. Hand, J.)).

■ Travelers is mistaken in its contention that a clean bill of lading is enough to meet its burden. The rule is that "recitals of apparent good order and condition in a bill of lading do not inevitably satisfy the shipper's burden of showing that the dam-

aged goods were in fact in such condition when shipped." *Caemint Food*, 647 F.2d at 353. Where, due to the perishable or intrinsic nature of a good, its external appearance does not adequately reveal its internal condition, the plaintiff "'may have a considerable burden of going further to prove actual condition.'" *Id.* (quoting *Compagnie de Navigation Fraissinet & Cyprien Fabre, S.A. v. Mondial United Corporation*, 316 F.2d 163 (5th Cir.1963)).

■ Here, the cheese was sealed in "house-to-house" containers at some point before delivery to the Carriers. There is evidence neither that the external appearance of the containers could indicate damage to the cheese nor that the external appearance of the containers was unusual. Thus, Travelers' burden of proof necessarily extends beyond mere proffer of bills of lading.

At this point, it must be assumed that all relevant evidence is before the court. Because Travelers admittedly lacks any evidence beyond the bills of lading that might establish the actual good order and condition of the cheese at loading, it can not make a showing sufficient to establish its *prima facie* case. *Franco v. Kelly*, 854 F.2d 584, 587 (2d Cir.1988). Summary judgment is therefore mandated and the Carriers' motion is granted.

■ The Carriers also move to strike the complaint under Fed.R.Civ.P. 37. While this court has broad discretion to impose various sanctions under Fed.R.Civ.P. 37(b)(2) for failure to comply with a prior court order, dismissal should only be resorted to when the "failure to comply has been due to ... willfulness, bad faith, or any fault or petitioner." *National Hockey League v. Metro Hockey Club*, 427 U.S. 639, 640, 96 S.Ct. 2778, 2779, 49 L.Ed.2d 747 (1976) (quoting *Societe Internationale v. Rogers*, 357 U.S. 197, 212, 78 S.Ct. 1087, 1095, 2 L.Ed.2d 1255 (1958)). In this case there is no evidence of such behavior by Travelers. This motion is therefore denied.

In sum, the Carriers' motion for summary judgment is granted and the complaint is dismissed. The Carriers' motions to

strike the complaint under Rule 37 and for Rule 11 sanctions are denied. No costs are to be allowed.

SO ORDERED.